**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| WILLIE C. ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:06CV1451 DDN |
| | ) |
| JIM PURKETT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Willie Anderson (registration no. 509981), an inmate at Eastern Reception, Diagnostic and Correctional Center (ERDCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $2.67. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order the Clerk to issue process or cause process to be issued on the complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the

prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of applicant's account indicates an average monthly deposit of $10.83, and an average monthly balance of $13.37. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $2.67, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328

2

(1989).  An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint[1]

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights by employees of ERDCC.  Named as defendants are Jim Purkett (Superintendent), Kristen Shropshire (Functional Unit Manager), Stan Payne (Grievance Officer), Jerry Bingham (Classification Caseworker Assistant), William Nickelson (same), Joyce Belek (Correctional Officer), Charles Finley (same), Brian Kenoyer (same), Jennie Sikes (same), Joshua Smith (same), Robert Smith (same), Shelton Wren (same), Sherry Streupe (Nurse), and Donita Tressner (same).  Plaintiff seeks declaratory, injunctive, and monetary relief.

---

[1]Before the Court is plaintiff's third amended complaint, filed on January 8, 2006.

Plaintiff alleges that he was placed in administrative segregation on July 25, 2006. Plaintiff claims that from dinnertime on July 25 through lunchtime on July 28, 2006, he was denied any food. The defendants plaintiff names as being responsible for his meals during that period are Belek, Finley, Kenoyer, Sikes, Smith, and Wren. Plaintiff also states that while he was in administrative segregation, he was subjected to unsanitary conditions, including feces on the floor, walls, and food service slot of his cell.

Plaintiff asserts that, as a result of being denied food, he became weak, suffered from intense nausea and vomiting, and had abdominal pain. Plaintiff claims that he requested medical care from defendants Streupe and Tressner on several occasions from July through September 2006, but he was denied any form of medical care.

Plaintiff avers that he requested grievance forms from defendants Purkett, Shropshire, Payne, Bingham, and Nickelson, and that they refused to supply him with the forms.

## Discussion

The Court finds that plaintiff's complaint survives initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and, therefore, the complaint should not be dismissed at this time. Accordingly, the Court will order the Clerk to issue process or cause process to issue upon the complaint. Additionally, the Court will order defendants to respond to the complaint. 42 U.S.C. § 1997e(g)(2).

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $2.67 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint.[2]

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

_____
**DAVID D. NOCE**
**UNITED STATES MAGISTRATE JUDGE**

Signed on January 11, 2007.

_____

[2]Defendants are alleged to be found at Missouri's Eastern Reception, Diagnostic and Correctional Center.