**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **WILLIE C. ANDERSON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:06CV1451-DJS |
| ) | |
| **JIM PURKETT, et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

In his third amended complaint, plaintiff Willie C. Anderson, a pro se prison inmate, asserts claims under 42 U.S.C. §1983 alleging that various prison personnel have violated his constitutional rights. Anderson's claims against defendant Donita Tressner arise from her work as assistant director of nursing at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). The third amended complaint alleges that from July 31, 2006 to early September 2006, plaintiff repeatedly submitted to nurse Sherry Stroupe forms requesting medical services for weight loss, nausea, stomach pain, vomiting and weakness, but was not seen on "sick call." Third Amended Complaint [Doc. #24], p.8. Plaintiff further alleges that Nurse Stroupe told him that her boss, defendant Tressner, had directed Stroupe to give her all of plaintiff's medical services requests and stated that she would deal with plaintiff, but that plaintiff still did not receive any medical attention.

Now before the Court is defendant Tressner's motion to dismiss the claims against her for plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e. Section 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement applies regardless of whether the relief sought by the prisoner is available at the administrative level. Porter v. Nussle, 534 U.S. 516, 524 (2002); Booth v. Churner, 532 U.S. 731, 734 (2001).

The Court must dismiss plaintiff's claims against Tressner if he has not completely exhausted available administrative remedies prior to filing suit. Johnson v. Jones, 340 F.3d 624, 627-28 (8th Cir. 2003). Missouri has a four-step procedure for inmates to internally grieve complaints against the Department of Corrections and its staff, namely: informal resolution request, grievance, grievance appeal, and second appeal. Smith v. Stubblefield, 30 F. Supp. 2d 1168, 1174 (E.D. Mo. 1998). The grievance procedure is considered fully exhausted after completion of the first appeal. Id.; O'Neal v. Correctional Medical Services, No. 2:05CV47-TIA, 2005 WL 2674944, at *1 (E.D.

Mo. Oct. 20, 2005); Parker v. Moore, No. 2:02CV63-CEJ, 2005 WL 2406016, at *1 (E.D. Mo. Sept. 28, 2005).

Defendant Tressner asserts that plaintiff has failed to exhaust the prison grievance process with respect to his claims against her. With her motion, she provides grievance procedure documents by plaintiff which she characterizes as proof that the administrative process was available to plaintiff at the pertinent time. The documents upon which defendant Tressner relies show plaintiff's pursuit of a grievance appeal on September 14, 2006 concerning a different medical matter. Def. Exh. B [Doc. #36], p.3.[1] Plaintiff's claims concerning medical care identify the time period at issue as from July 31 to early September, which may precede the September 14 document defendant submits. The Grievance Response indicates that the underlying grievance was dated July 10, 2006 and received by the medical staff on July 11, 2006. Id. at 4. These dates precede the time frame identified in the third amended complaint with respect to plaintiff's claims against Tressner.

In response to the motion, plaintiff alleges that during the time of the pertinent events alleged in the complaint, he was not being provided with Informal Resolution Request ("IRR") forms when he requested them. An IRR is the first step to be taken in

---

[1] In the grievance appeal, plaintiff refers also to having submitted unsuccessful Medical Services Requests: "Foremost, let me point out that I am not only having problems in receiving the hemorrhoid suppositories, but I also have submitted MSR's as well." Id.

the administrative process, and is to be submitted on a different form than the grievance appeal plaintiff submitted in mid-September.  The documents plaintiff submits include copies of memoranda to various prison personnel and affidavits, in which plaintiff complains of being denied IRR and grievance forms he requested on a number of occasions in the relevant time frame. Pltf. Exh. A [Doc. #57].

Defendant Tressner has filed no reply attempting to rebut plaintiff's showing concerning his efforts to promptly pursue and exhaust his complaints about denial of medical care through the prisoner grievance process.  On this record, the Court is unable to find that movant has shown plaintiff failed to exhaust *available* administrative remedies.  Therefore the motion to dismiss of defendant Tressner must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Tressner's motion to dismiss for failure to exhaust [Doc. #35] is denied.


Dated this ____27th_____ day of September, 2007.


    /s/Donald J. Stohr
    UNITED STATES DISTRICT JUDGE

4