```
          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF MISSOURI
                EASTERN DIVISION
```

| | |
|---|---|
| WILLIE C. ANDERSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | )    No. 4:06CV1451-DJS |
| | ) |
| JIM PURKETT, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

In his third amended complaint, plaintiff Willie C. Anderson, a pro se prison inmate, asserts claims under 42 U.S.C. §1983 alleging that various prison personnel have violated his constitutional rights. Now before the Court are several pretrial motions.

### Motion to Dismiss

First the Court considers the motion to dismiss filed by all but the two nurse defendants, namely defendants Jim Purkett, Kristen Shropshire, Stan Payne, William Nickelson, Jerry Bingham, Jennie Sikes, Joshua Smith, Robert Smith, Brian Kenoyer, Joyce Belek, Shelton Wren, Charles Finley, and Jeremiah J. Nixon. The claims asserted against these defendants in the third amended complaint concern matters commencing on July 24, 2006 involving: (1) prison disciplinary sanctions meted out to plaintiff for two conduct violations of Rule #15/Sexual Misconduct and a third

conduct violation of Rule #12/Threats, (2) the alleged denial of food, and (3) the conditions of plaintiff's cell.

It is well established that in passing on a motion to dismiss for failure to state a claim, the Court must view the facts alleged in the complaint in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 Wright & Miller, <u>Federal Practice and Procedure</u> §1216 at 154 (1990). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." <u>Id.</u> at 159. A complaint should not be dismissed unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Hungate v. United States</u>, 626 F.2d 60, 62 (8th Cir. 1981).

In the motion to dismiss, movants first argue that dismissal is warranted by plaintiff's failure to exhaust administrative remedies on the claims asserted against them. Movants point out that plaintiff has filed no prison grievances relevant to the claims against them in this action, but contend that plaintiff filed seven grievances in 2006, including several in July and August, the time frame at issue in the complaint.

In opposition, plaintiff provides two pertinent observations, to which defendants have made no reply. First, plaintiff observes that the exhibits upon which defendants rely contain various appeals of earlier grievances during the pertinent time period, but no Informal Resolution Requests ("IRRs"), and that an IRR is the first stage of the grievance process by which an inmate may seek administrative resolution of his complaint. Second, in the third amended complaint, plaintiff expressly alleges that he has been denied IRR and Emergency Grievance forms by defendants Purkett, Shropshire, Payne, Bingham, and Nickelson, and therefore was prevented from exhausting his administrative remedies. Third Amended Complaint [Doc. #24], ¶¶25, 36, 41. Plaintiff's verified third amended complaint is treated as an affidavit pursuant to 28 U.S.C. §1746, and so functions as proof of its allegations under penalty of perjury.

On the record created for purposes of the instant motion, including the movants' failure to offer rebuttal of plaintiff's verified assertion that he repeatedly, but unsuccessfully, requested IRR forms in order to pursue the grievance process concerning the claims at issue, defendants' failure to exhaust argument is found unavailing.

Next movants argue that the Eleventh Amendment bars suit against the defendants in their official capacities. The movants who are named in their official capacity as well as their individual capacity are Jim Purkett, Kristen Shropshire, Stan

Payne, William Nickelson, Jerry Bingham and Jeremiah J. Nixon. As defendants note, the Supreme Court held in <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985), that state officials sued for damages in their official capacities are protected therefrom by Eleventh Amendment immunity. Plaintiff responds that he seeks only injunctive relief against these defendants in their official capacities. State officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. <u>Monroe v. Arkansas State University</u>, 495 F.3d 591, 594 (8th Cir. 2007). Defendants offer no reply. Although no monetary relief could be awarded against movants in their official capacities, the claims against them will not be dismissed to the extent that they seek injunctive relief.

Defendants Purkett and Nixon contend that without *respondeat superior*, plaintiff fails to state a claim against them. The Court construes the complaint as alleging that, as to actions being taken in contravention of plaintiff's constitutional rights, Purkett and Nixon failed to take corrective action after being put on notice by plaintiff's written communications to each of them. It is true that supervisory personnel are not liable under §1983 absent "a showing of direct responsibility for the improper action" or "personal involvement of the officer being sued." <u>Harris v. Pirch</u>, 677 F.2d 681, 685 (8th Cir. 1982) (citations omitted). <u>See Otey v. Marshall</u>, 121 F.3d 1150, 1155 (8th Cir. 1997)("Section 1983

4

liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.")(citation omitted).

Nonetheless, a supervisor may be found liable for breach of a duty to supervise or control his subordinates where plaintiff establishes his "deliberate indifference or tacit authorization of the offensive acts by failing to take remedial steps following notice of a pattern of such acts by his subordinates." <u>Wilson v. North Little Rock</u>, 801 F.2d 316, 322 (8th Cir. 1986)(citations omitted). On this basis, plaintiff's claims against Nixon and Purkett are adequate to survive a challenge for failure to state a claim.

Finally, movants argue that qualified immunity applies. Defendants' memorandum states that "[t]he standard for qualified immunity cannot be applied in a general sense." Deft. Memorandum [Doc. #46], p.7. Ironically after such a statement, the contention that qualified immunity applies is here made without analysis of the various allegations and claims asserted against the thirteen movants. Movants also fail to reply to plaintiff's treatment of the subject. As presented, the qualified immunity argument is unpersuasive and found to be without merit.

For all the foregoing reasons, the motion to dismiss of defendants Purkett, Shropshire, Payne, Nickelson, Bingham, Sikes, Joshua Smith, Robert Smith, Kenoyer, Belek, Wren, Finley and Nixon will be denied.

**Defendant Tressner's Motion for Summary Judgment**

Plaintiff's claims against defendant Donita Tressner arise from her work as assistant director of nursing at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). The third amended complaint alleges that from July 31, 2006 to early September 2006, plaintiff repeatedly submitted to nurse Sherry Stroupe forms requesting medical services for weight loss, nausea, stomach pain, vomiting and weakness, but was not seen on "sick call." Third Amended Complaint [Doc. #24], p.8. Plaintiff further alleges that Nurse Stroupe told him that her boss, defendant Tressner, had directed Stroupe to give her all of plaintiff's Medical Services Requests and stated that she would deal with plaintiff, but that plaintiff still did not receive any medical attention.

The claims against defendant Stroupe were dismissed without prejudice on May 23, 2007 pursuant to Fed.R.Civ.P. 4(m) for lack of timely service of process. Now before the Court is defendant Tressner's motion for summary judgment on the claims against her. Under Fed.R.Civ.P. 56, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." See also Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v.

6

Catrett, 477 U.S. 317, 322 (1986).  In passing on a motion for summary judgment, the court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party.  Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983).  The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances.  Buller, 706 F.2d at 846.

In order to establish an Eighth Amendment violation on the basis of inadequate medical care, a prisoner must allege acts or omissions that reveal "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To prove deliberate indifference, a plaintiff must show that a defendant "knew of, yet disregarded, an excessive risk to his health."  Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997), *citing* Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Actual knowledge of a serious risk is required:  "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot...be condemned" under the Eighth Amendment.  Farmer, 511 U.S. at 838.

In her sworn declaration, defendant Tressler attests that in her role as ERDCC's Assistant Director of Nursing, to the best of her recollection she had no personal involvement in the day to day nursing care plaintiff received from July 31, 2006 until

7

September of 2006. Tressner does not expressly assert that during the relevant period of time she was unaware of Medical Services Requests ("MSRs") from plaintiff seeking medical assistance for nausea, vomiting, weakness and pain.

In his memorandum in opposition to the summary judgment motion, plaintiff states that he submitted five MSRs requesting treatment for nausea, vomiting, weakness and weight loss, all of them to nurse Sherry Stroupe. This is consistent with the allegations of the third amended complaint. The opposition goes further, however, to allege that plaintiff petitioned defendant Tressner on 4 to 5 occasions via correspondence requesting medical treatment and advising Tressner of the MSRs previously submitted to Stroupe. Additionally, plaintiff claims that he met with Tressner several times in the month of August, each time complaining about the lack of treatment for the nausea and related complaints, and that still he received no attention for those issues. These assertions are attested to in an affidavit, and plaintiff provides copies of the MSRs he claims to have submitted. These MSRs are not contained in the medical records submitted in support of defendant Tressner's motion. On this record, the Court cannot conclude as a matter of law that Tressner was unaware of plaintiff's asserted medical needs in the pertinent period of time, and movant's arguments for summary judgment on that basis must be rejected.

Tressner further seeks summary judgment by arguing that plaintiff's condition did not present the "serious medical need"

8

upon which an Eighth Amendment violation depends.  Plaintiff himself characterizes his symptoms as resulting from the alleged denial of his no-dairy and vegetarian diet and from constant exposure to the smell of human waste, the conditions he contends he was subjected to in a filthy administrative segregation cell for a thirty-day period.  Movant Tressner argues that the allegedly resulting nausea, vomiting, weakness and stomach pain do not constitute a serious medical need for purposes of §1983 analysis, because of the assertedly obvious environmental, rather than medical, source of the symptoms.  The Court is unpersuaded that, as a matter of law, plaintiff's alleged condition did not constitute serious medical need.  Whatever the source of the symptoms, they may have warranted medical attention to avoid dehydration or other dangerous medical effects.

Defendant Tressner presents no arguments entitling her to summary judgment on plaintiff's claims, given the state of the evidentiary record and the existence of disputes of fact material to the constitutional analysis.  Tressner's motion for summary judgment must be denied.


**Plaintiff's Motion to Reinstate Defendant Sherry Stroupe**

As earlier noted, the claims against nurse Sherry Stroupe were dismissed without prejudice pursuant to Fed.R.Civ.P. 4(m) when

9

plaintiff was unable to timely provide an address at which service of process upon Stroupe could be effected.

A waiver of service was sought from both nurse defendants. Counsel for Correctional Medical Services ("CMS"), their employer, stated that it would waive service for defendant Tressner only, and filed an answer on Tressner's behalf. See Docs. #33 & #34. Thereafter, the Clerk sent plaintiff a letter dated February 12, 2007 requesting an address for Stroupe to permit the issuance of process directed to her. See Doc. #37. On April 2, 2007, the Court noted the time for service under Rule 4 and provided plaintiff with a summons and Marshal's forms to be completed with an address at which service might be attempted upon defendant Stroupe. See Doc. #49. Upon plaintiff's response, summons was issued on April 13, 2007 and forwarded to the United States Marshal for service. Although plaintiff had completed the forms with the address of Potosi Correctional Center, the Marshal's return of service indicated that service had been unsuccessfully attempted at ERDCC instead. See Doc. #53. In the dismissal order, the Court incorrectly indicated that the attempt had been made at the Potosi Correctional Center.[1]

---

[1] Plaintiff had listed an address for CMS as an alternative for service upon Stroupe. In its dismissal order, the Court noted that CMS, by refusing to waive service as to Stroupe, had already indicated it would not receive service on her behalf. See Doc. #55. There is no showing that defendant Stroupe could be personally served at the address of CMS.

In his motion to reinstate defendant Stroupe, plaintiff suggests that service now be attempted upon her at Potosi Correctional Center as her current place of employment. In opposition to plaintiff's motion, counsel for CMS states that nurse Stroupe does not work at the Potosi Correctional Center for CMS and cannot be served at such site. See Doc. #64. Although plaintiff questions the propriety of CMS's counsel responding on Stroupe's behalf and of reliance upon counsel's representation concerning Stroupe's employment, the Court is willing in these circumstances, and for the purpose at hand, to credit the representation by CMS's attorney as accurate.

In the alternative, plaintiff suggests that the Court compel counsel for Correctional Medical Services to provide an address at which service may be attempted. Plaintiff cites no authority for the Court's undertaking such a role. Instead, the Federal Rules of Civil Procedure authorize various means of disclosure and discovery by which plaintiff may obtain from other parties information relevant to his claims. Plaintiff's instant motion to reinstate the claims against Sherry Stroupe and to attempt service of process upon her at Potosi Correctional Center will be denied.

Along with these rulings on the pending motions, the Court this day separately enters a case management order requiring, among other things, the parties to disclose certain information to one another. Section 3(c) of that order requires defendants to

submit to plaintiff a list of names and addresses of persons having information of the facts giving rise to plaintiff's claims, a list which presumably will include the required information concerning Sherry Stroupe.  Upon plaintiff's receipt, by this disclosure or by discovery thereafter, of an address for Stroupe, plaintiff may promptly seek to set aside the dismissal of Stroupe and to have service again attempted.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion to dismiss of defendants Jim Purkett, Kristen Shropshire, Stan Payne, William Nickelson, Jerry Bingham, Jennie Sikes, Joshua Smith, Robert Smith, Brian Kenoyer, Joyce Belek, Shelton Wren, Charles Finley, and Jeremiah J. Nixon [Doc. #45] is denied.

**IT IS FURTHER ORDERED** that defendant Tressner's motion for summary judgment [Doc. #50] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to reinstate defendant Sherry Stroupe [Doc. #62] is denied.

Dated this ___10th___ day of December, 2007.

                                           /s/ Donald J. Stohr
                                           UNITED STATES DISTRICT JUDGE