```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


WILLIE C. ANDERSON,                  )
                                     )
          Plaintiff,                 )
                                     )
     vs.                             )    No. 4:06CV1451-DJS
                                     )
JIM PURKETT, KRISTEN SHROPSHIRE,     )
STAN PAYNE, WILLIAM NICKELSON,       )
JERRY BINGHAM, JENNIE SIKES,         )
DONITA TRESSNER, JOSHUA SMITH,       )
ROBERT SMITH, BRIAN KENOYER,         )
JOYCE BELEK, SHELTON WREN,           )
CHARLES FINLEY, SHERRY STROPE,       )
and JEREMIAH J. NIXON,               )
                                     )
          Defendants.                )
```

## ORDER

Willie C. Anderson is the pro se prisoner plaintiff who brings numerous claims pursuant to 42 U.S.C. §1983 alleging violation of his constitutional rights by Missouri prison officials and officers and by one prison nurse.[1] The operative pleading is plaintiff's third amended complaint [Doc. #24]. Several categories of claims are asserted therein. Now before the Court are motions to dismiss by all defendants and plaintiff's responsive cross-motions for summary judgment.

---

[1] Plaintiff's claims against a second prison nurse, defendant Sherry Strope, were dismissed without prejudice on May 23, 2007 for lack of timely service of process.

In determining whether summary judgment should issue, the facts and inferences from these facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the movant to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, however, the non-moving party may not rest on the allegations in its pleadings but by affidavit and other evidence must set forth specific facts showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). See also 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure §2739 (1983).

The Supreme Court has indicated that: "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action'." Celotex, 477 U.S. at 327 (quoting Fed.R.Civ.P. 1). Thus, the non-moving party "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'." Id. at 587. The Eighth Circuit has acknowledged that the courts should

be "more hospitable to summary judgments than in the past" and that a motion for summary judgment "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those cases that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Electric Cooperative, Inc., 838 F.2d 268, 273 (8th Cir. 1988).

**Deliberate Indifference to Serious Medical Need**

One category of plaintiff's claims involves the denial of medical care. As to these claims, the remaining defendant is Donita Tressner, a nurse. Plaintiff's claims against Tressner arise from her role as Assistant Director of Nursing at the Eastern Reception Diagnostic and Correctional Center ("ERDCC"). The third amended complaint alleges that from July 31, 2006 to early September 2006, plaintiff repeatedly submitted to nurse Sherry Strope forms requesting medical services for weight loss, nausea, stomach pain, vomiting and weakness, but that plaintiff was not seen on "sick call." Third Amended Complaint [Doc. #24], p.8. Plaintiff further alleges that Nurse Strope told him that her supervisor, defendant Tressner, had directed Strope to give her all of plaintiff's Medical Services Requests ("MSRs") and stated that she would deal with plaintiff, but that plaintiff still did not receive any medical attention.

3

In order to establish an Eighth Amendment violation on the basis of inadequate medical care, a prisoner must allege acts or omissions that reveal "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prove deliberate indifference, a plaintiff must show that a defendant "knew of, yet disregarded, an excessive risk to his health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997), *citing* Farmer v. Brennan, 511 U.S. 825, 837 (1994). Actual knowledge of a serious risk is required: "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot...be condemned" under the Eighth Amendment. Farmer, 511 U.S. at 838.

In order to establish Tressner's liability on his claim, plaintiff must prove that she was aware of his request for or need for medical treatment for the reasons he now asserts. In an effort to do so, plaintiff relies heavily on Exhibits C and D. Plaintiff's Exh. C shows that defendant Tressner responded to plaintiff's Informal Resolution Request ("IRR") on August 11, 2006, within the relevant time period, but the subject matter thereof was plaintiff's complaint that regular sick call was not being conducted. The IRR makes no reference to any particular medical complaints for which plaintiff requested treatment. Similarly, plaintiff's Exh. D contains plaintiff's September 22, 2006 grievance asserting the prison's failure to conduct sick call

4

frequently enough.  As with Exhibit C, this document fails to address the particular medical complaints of which plaintiff must show Tressner was aware.

Exhibits C and D do not establish Tressner's awareness of any requests by plaintiff for medical attention for particular symptoms, but instead merely address a more general claim that sick call was not being conducted with appropriate frequency.  A claim for relief on that conceptually distinct basis is not pled in the third amended complaint, and evidence to support such a claim does not defeat summary judgment on the claim actually pled. Plaintiff's contention that he several times spoke with defendant Tressner about the requests for medical treatment now at issue is not supported by an affidavit submitted in opposition to the instant motion for summary judgment.

Although the authenticated medical file submitted by defendant contains a number of MSRs submitted in the relevant period of time, it does not contain the five MSRs plaintiff claims to have submitted to Nurse Strope.[2]  Defendant Tressner's affidavit attests that she has no knowledge of any MSRs submitted by plaintiff to Nurse Strope complaining of nausea, pain, vomiting or weakness, and no knowledge of any correspondence from plaintiff

---

[2] Plaintiff claims that his Exhibit A consists of copies he hand-wrote of the 5 original MSRs he submitted to Nurse Strope, and that such an origin explains their lack of date-received stamps and nurse's signatures.

concerning such MSRs. Tressner Affidavit [Doc. #121, Exh. B], ¶¶14 & 15. In her affidavit, Tressner also denies ever directing Strope to forward plaintiff's MSRs to Tressner or telling Strope that she would "deal with" plaintiff. Id. at ¶16. Plaintiff does not dispute or cannot rebut the authenticated prison medical record showing regular medical assessments with no complaints of nausea, vomiting and related conditions during the relevant time period from July 31 to early September 2006.[3]

Plaintiff argues that if he is unable to prove defendant Tressner's receipt or knowledge of the correspondence and MSRs he claims to have submitted, she is equally unable to prove that she did not receive or have knowledge of same. This assertion overlooks that, as the plaintiff, he has the burden of proof. Plaintiff's failure or inability to offer proof in support of a necessary element of his claim does not result in a "draw" entitling him to survive the instant motion and proceed to trial. Instead, it results in defendant Tressner's entitlement to summary judgment in her favor, where she relies upon supporting evidence in the form of her own affidavit and the authenticated medical file.

The summary judgment record before the Court, including defendant Tressner's affidavit and well-supported statement of material facts, and the authenticated prison medical record,

---

[3] The medical record reflects that during this period plaintiff raised, and medical staff dealt with, other issues such as allergy testing, the sick call policy, dietary restrictions, constipation and hemorrhoids.

supports the conclusion as a matter of law that Tressner lacked knowledge of the requests for medical treatment that form the basis for the claim against Tressner in plaintiff's third amended complaint. Plaintiff offers no evidence creating a genuine dispute concerning this material fact. This is so even if plaintiff is granted leave to file out of time his response to Tressner's statement of facts, as plaintiff's statement [Doc. #131-2] lacks citations to supporting evidence of record. The Court will grant plaintiff's motion for leave to file his statement of facts out of time but deny plaintiff's motion for summary judgment against defendant Tressner and grant defendant Tressner's motion for summary judgment.

**Conditions of Confinement**

The undisputed facts of the case include that on July 24, 2006, plaintiff was charged with two conduct violations of Rule #15 for Sexual Misconduct based on his engaging in deliberately conspicuous masturbation, and that on July 25, 2006, he was charged with one conduct violation of Rule #12 for Threats, for a statement to a prison staffer about throwing excrement and urine on him. Plaintiff's punishment was 30 days of Administrative Segregation, consisting of 10 days' punishment for each of the three conduct violations, and plaintiff was placed on Hazardous Material Propellant Status.

7

During that time, plaintiff alleges that his constitutional rights were violated in a number of respects: (1) because he was denied food for three days from July 25 through 28, 2006; (2) because his diet thereafter consisted of "meal loaf" and he was in "biohazardous material/propellant status"; (3) because the cell was filthy, with feces and urine all over its surfaces, and plaintiff was denied adequate cleaning supplies; and (4) because the smell of feces and urine coupled with the denial of food caused weakness, nausea, vomiting and constant pain. As to these claims, the corrections staff defendants seek summary judgment, and plaintiff has filed a cross-motion for summary judgment.

The prison staff movants first argue that plaintiff's failure to exhaust prison administrative remedies warrants summary judgment in their favor. This argument has been previously made, and previously rejected, in a motion to dismiss denied by the Court on December 10, 2007 [Doc. #85, pp.2-3]. The Court is again not persuaded that defendants make a successful response to plaintiff's sworn allegation in the third amended complaint that he requested but was denied IRR and Emergency Grievance forms sought to address the claims he now makes. Finding defendants' exhaustion argument to be unsuccessful, the Court turns to the merits of plaintiff's remaining claims concerning the conditions of his confinement.

"After incarceration, only the 'unnecessary and wanton infliction of pain'...constitutes cruel and unusual punishment

forbidden by the Eighth Amendment." Ingraham v. Wright, 430 U.S. 651, 670 (1977), quoting Estelle v. Gamble, 429 U.S. 97, 103 (1976). In Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995), the Eighth Circuit described how a prisoner might prevail on a claim that prison conditions constitute cruel and unusual punishment:

> To establish that a prisoner's conditions of confinement violate the Eighth Amendment, the prisoner must show that (1) the alleged deprivation is "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities; and (2) that the prison officials were deliberately indifferent to "an excessive risk to inmate health or safety," meaning that the officials actually knew of and disregarded the risk.

Id. at 445 (quoting from Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994)). Assuming without deciding that the denial of food for a three-day period could constitute cruel and unusual punishment, plaintiff's allegations and evidence offered cannot establish that any particular defendant had responsibility for that entire alleged period of deprivation.[4] Various corrections officers are named as to the nine meals involved. The negligent failure to procure, or even the deliberate refusal to provide, a single meal does not establish a deprivation sufficiently serious to constitute a constitutional violation by any one of them.

    A diet of meal loaf for the period alleged is not shown to contravene the Eighth Amendment's requirement of the minimized civil measure of life's necessities. The same is true of Hazardous

---

[4] Movants contend, with reference to prison records and various affidavits, that plaintiff was served breakfast, lunch and dinner every day in July 2006 and was never refused a meal.

Material Propellant status, in which an offender may be required when in the company of other people to wear a mask that prevents spitting on others, and is housed in a cell with a protective box over the food port.[5]  The Court readily concludes that these allegations as a matter of law cannot support a claim under §1983.

The Constitution "does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981).  Various negative conditions in combination constitute cruel and unusual punishment "only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." Wilson v. Seiter, 501 U.S. 294, 304 (1991). "Conditions, such as a filthy cell, may 'be tolerable for a few days and intolerably cruel for weeks or months.'" Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989), *quoting* Hutto v. Finney, 437 U.S. 678, 687 (1978).  The allegedly filthy conditions of plaintiff's cell over the period in question, when plaintiff admits having been provided with cloths for cleaning, do not support liability under §1983.

Plaintiff complains that the cloths provided were dirty rags, but his ability to clean those using the sink in his cell negate the legal significance, if any, of that allegation.  The Eighth Circuit has held that confinement in an allegedly unsanitary

---

[5] This status resulted, in plaintiff's case, from the conduct violation for reportedly threatening to throw bodily waste on a corrections employee.

10

cell for eleven days could not support an Eighth Amendment violation in view of the "relative brevity" of the unfavorable conditions, particularly where the inmate had cleaning supplies available to him. White v. Nix, 7 F.3d 120, 121 (8th Cir. 1993), *cited* in Whitnack v. Douglas County, 16 F.3d 954, 957-58 (1994). In response to defendants' motion, plaintiff admits that cloths are provided and that inmates are given the opportunity to clean their cells every third day. See Doc. #124, p. 11, ¶¶71, 72; Doc. #130, p.9, response to ¶¶71, 72. Plaintiff does not dispute that if an inmate requests to clean his cell other than at the scheduled time, he would be provided cleaning supplies. Id. at ¶73. As a matter of law, the record on summary judgment warrants the conclusion that plaintiff is unable to support his Eighth Amendment claim based on the allegedly dirty conditions of his cell during the relevant period in Administrative Segregation.

Next the Court considers plaintiff's claim that a persistent foul smell coupled with the denial of food caused weakness, nausea, vomiting and pain. For present purposes, this is analyzed not as a denial of medical care claim, but a claim of cruel and unusual punishment. Under the standards and principles applicable to such a claim, summary judgment in defendants' favor is appropriate. First, no particular defendant or defendants are shown to be personally responsible for this combination of conditions. Second, for the relatively short period of three days

11

over which these conditions were alleged to co-exist, the circumstances and the resulting symptoms alleged, although unpleasant and literally sickening, do not constitute an unconstitutional deprivation.

The Supreme Court has indicated generally that "[as] long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976). With respect to Administrative Segregation confinement in particular, the Supreme Court has stated:

> It is plain that the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence. The phrase "administrative segregation," as used by the state authorities here, appears to be something of a catchall: it may be used to protect the prisoner's safety, to protect other inmates from a particular prisoner, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer... Accordingly, administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration.

Hewitt v. Helms, 459 U.S. 460, 468 (1983).

For all the foregoing reasons, the Court will grant the summary judgment motion of the corrections officials and employees, and deny plaintiff's cross-motion, finding as a matter of law that plaintiff's claims cannot succeed on their merits.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file statement of facts out of time [Doc. #131] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment against defendant Donita Tressner [Doc. #126] is denied.

**IT IS FURTHER ORDERED** that defendant Donita Tressner's motion for summary judgment [Doc. #119] is granted.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment [Doc. #130] is denied.

**IT IS FURTHER ORDERED** that the motion for summary judgment of defendants Purkett, Shropshire, Payne, Nickelson, Bingham, Sikes, Joshua Smith, Robert Smith, Kenoyer, Belek, Wren and Finley [Doc. #124] is granted.

Dated this __4th__ day of March, 2009.

           /s/Donald J. Stohr
           UNITED STATES DISTRICT JUDGE